IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TIMOTHY D. INGO and ANGELA INGO,<br><br>Plaintiffs,<br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST CO.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>Case No. 2:11-cv-812 BCW<br><br>Magistrate Judge Brooke Wells |

This matter is before the court on a motion by Defendant Deutsche Bank National Trust Company to dismiss Plaintiffs Timothy and Angela Ingo's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] The court has carefully reviewed the written memoranda submitted by the parties and has concluded that a hearing would not significantly aid it in determining the motion.[2] Having fully considered the motion, memoranda, other materials submitted by the parties and relevant case law, the court enters the following decision GRANTING Defendant's Motion to Dismiss.

## BACKGROUND

The court takes the following asserted facts from Plaintiff's Complaint and the documents that are either attached to, or referenced in the Complaint.[3] For purposes of this motion the court assumes that the factual allegations are true.[4]

---

[1] Docket no. 10.

[2] *See* DUCivR 7-1(f) (2010).

[3] *See GFF Corp. V. Associated Wholesale Grocers*, 130 F.3d 1381, 1384 (10th Cir. 1997) (permitting a court to consider outside materials as part of a Rule 12(b)(6) motion to dismiss without turning it into a motion for summary if certain conditions are met).

[4] *See Jordan-Arapahoe, LLP v. Bd. of County Comm'rs*, 633 F3d 1022, 1026 (10th Cir. 2011).

On approximately April 2, 2007, Mary Ann Pollei signed a Trust Deed encumbering the property that is the subject of this case. The Trust Deed sets forth certain restrictions on how Ms. Pollei can transfer a legal or beneficial interest in the property. And, it also sets forth certain consequences, such as the Lender requiring immediate full payment, if the property is transferred.[5] On December 23, 2010, the trustee filed a Notice of Default and began non-judicial foreclosure proceedings on the property.[6]

On March 1, 2011, Plaintiffs entered into a Lease Agreement and a Lease to Purchase Option Agreement with Ms. Pollei for the property.[7] Plaintiffs paid Ms. Pollei $2,000 in accordance with the Lease to Purchase Option Agreement which provides Plaintiffs the opportunity until March 1, 2016 to purchase the property.[8] On April 21, 2011, Plaintiffs filed a "Notice of Lease with Option to Purchase" with the Utah County Recorder.[9] In May Plaintiffs were mailed copies of Defendant's Notice of Foreclosure and Tenant's Rights under Federal Law.

In August of this year Plaintiffs filed this action in state court and in September it was removed to this court on the basis of federal question jurisdiction.[10] Plaintiffs seek an order from the court: (1) directing Defendants to abide by the terms of the Lease Agreement and the Option to Purchase Agreement, (2) stoping any eviction proceedings, (3) directing Defendants to "give fair weight in consideration to the offer from the buyer Plaintiffs found to purchase the

---

[5] *See* Trust Deed § 18, attached to Defendant's motion to dismiss.

[6] *See* Notice of Default attached to Defendant's motion to dismiss.

[7] Complaint ¶ 7. The parties dispute whether the Lease Agreement and the Lease to Purchase Option Agreement were separate agreements. Whether they were one agreement or separate agreements is immaterial to the court's decision.

[8] *Id.* ¶¶ 11-12.

[9] *Id.* ¶ 13.

[10] Docket no. 2.

property"[11] and (4) seek an award of punitive damages and attorney fees and costs for bringing this lawsuit. Plaintiffs' claims rely on the Protecting Tenants at Foreclosure Act of 2009 (PTFA), 123 Stat. 1632, 1660 (2009).

## DISCUSSION

Defendant moves to dismiss the Ingo's Complaint. Plaintiffs Complaint contains two causes of action both based on PTFA: (1) Violation of the PTFA and (2) Bad Faith and Punitive Damages.

In considering a motion to dismiss under Rule 12(b)(6), "the court presumes the truth of all well-pleaded facts in the complaint, but need not consider conclusory allegations [which] are allegations that do not allege the factual basis for the claim."[12] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[13] A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14] The standard is not a "probability requirement," but it requires more than a "sheer possibility that a defendant has acted unlawfully."[15]

In addition to using well-pleaded facts from the Complaint, the court is also able to consider documents that are "referred to in the complaint," that are "central to plaintiff's claims," and that are submitted to the court by the defendant, if the submissions qualify as "indisputably

---

[11] Complaint p. 8.

[12] *Margae, Inc. v. Clear Link Tech.*, 620 F.Supp.2d 1284, 1285 (D.Utah 2009) (citing *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006), *cert. denied*, 549 U.S. 1209 (2007); and *Mithcell v. King*, 537 F.2d 385, 386 (10th Cir. 1976)).

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007).

[14] *Id.*

[15] *Id.*

authentic cop[ies]."[16] Therefore, in the instant case, both the Note and the Trust Deed, the Notice of Default and the Lease Agreement(s) may be considered in order to determine if the Plaintiffs have sufficiently stated a claim for relief.

Defendant contends that Plaintiffs Complaint fails for the following reasons: (1) the PTFA does not apply, (2) the PFTA does not have a private right of action, and (3) the bad faith claim fails to allege a cognizable cause of action. In direct contrast to these arguments, Plaintiffs assert that the PTFA applies, there is a private right of action under the PTFA and that the Defendant acted in bad faith by refusing to work with Plaintiffs. The court finds that the PFTA does not have a private right of action and therefore it need not consider the other arguments.

Plaintiffs argue that by its plain language the PTFA granted Plaintiffs protection and "created a private right" of action.[17] Plaintiffs fail to support this conclusory allegation with any case law or any analysis of the history behind the statute. As acknowledged by Plaintiffs "not many cases outside California exist"[18] and each of these California cases have held that the PTFA does not have a private right of action.[19] Plaintiffs argue this case is different than those cases because Plaintiffs proactively filed suit in state court after which Defendant removed this action to Federal Court. Therefore, "Defendant should be estopped from now claiming that brining this suit in Federal Court is not proper when it was Defendant that removed the case."[20] This difference, however, cannot create a private right of action in the PTFA.

The PTFA states that:

---

[16] *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (internal citations omitted).

[17] Op. p. 7.

[18] *Id.*

[19] *See, e.g., Cohn v. Bank of America*, 2011 WL 98840 (E.D.Cal. Jan 12, 2011); *Martin v. LaSalle Bank Nat. Ass'n* 2011 WL 9583 (S.D.Cal. 2011); *Nativi v. Deutsche Bank Nat. Trust Co.*, 2010 WL 2179885 (N.D.Cal. 2010).

[20] *Id.*

4

> ... In the case of any foreclosure on a federally-related mortgage loan or on any dwelling or residential real property after the date of enactment of this title, any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to-
>
> (1) the provision, by such successor in interest of a notice to vacate to any bona fide tenant at least 90 days before the effective date of such notice; and
>
> (2) the rights of any bona fide tenant, as of the date of each notice of foreclosure-
>
> > (A) under any bona fide lease entered into before the notice of foreclosure to occupy the premises until the end of the remaining term of the lease ...[21]

On its face, the PTFA does not explicitly create a private right of action. But, whether the PTFA implicitly allows for a private right of action is a question of first impression in this circuit. Therefore, the court finds it helpful to first consider the standard for evaluating whether a federal statute creates a right of action that may be enforced by private parties in federal court.

The Supreme Court set forth a four-factor test for evaluating whether a statute creates a private right of action in *Cort v. Ash*.[22] These factors are (a) is the plaintiff "'one of the class for whose especial benefit the statute was enacted;'"[23] (2) whether there is "any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one;"[24] (3) is a private right of action consistent with the "underlying purposes of the legislative scheme to imply such a remedy for the plaintiff?"[25] and (4) "is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?"[26] In general, the "first three

---

[21] 123 Stat. 1632, 1660 (2009).

[22] 422 U.S. 66, 78 (1975).

[23] *Id.* at 78 (quoting *Texas & Pacific R. Co. v. Rigsby*, 241 U.S. 33, 39 (1916)).

[24] *Id.*

[25] *Id.*

[26] *Id.*

factors . . . are ones traditionally relied upon in determining legislative intent."[27] In weighing the *Cort* factors the Supreme Court has emphasized that intent is the most important element in the analysis.[28]

Applying these factors to the instant matter the case finds as follows. First, Plaintiffs are part of the class of tenants that are affected by the foreclosure crisis and the PTFA is designed to protect such tenants. Included in the Act is a right for the tenant to occupy the premises until the end of the lease, as well as a right to receive a notice to vacate 90 days before the effective date.[29] Plaintiffs are facing eviction as a result of the home being foreclosed, so the first factor weighs in their favor.

Next, on its face the Act does not explicitly state whether Congress intended the PTFA to include a private right of action. Review of the Congressional Record indicates Congress intended tenants to have certain protections to deal with the foreclosure crisis.[30] During the debates held in Congress it was explicitly noted that the PFTA was intended to allow tenants who are victims of the foreclosure crisis a protection that can be used in the state courts to combat unlawful evictions.[31] Thus, the second factor weighs in favor of dismissal.

The third factor also weighs in favor of dismissal because the underlying purposes of the legislative scheme anchored the rights found within the PTFA in the framework of the state

---

[27] *Touche Ross & Co. v. Redington*, 442 U.S. 560, 575-76 (1979).

[28] *See Thompson v. Thompson*, 484 U.S. 174, 179 (1988) ("The intent of Congress remains the ultimate issue, however, and 'unless this congressional intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist.'") (quoting *Northwest Airlines, Inc. v. Transport Workers*, 451 U.S. 77 (1981)).

[29] *See* 123 Stat. 1632, 1660 (2009); Protecting Tenants at Foreclosure: Notice of Responsibilities Placed on Immediate Successors in Interest Pursuant to Foreclosure of Residential Property, 74 Fed.Reg. at 30106 ("The objective of these new tenant protections is to ensure that tenants receive appropriate notice of foreclosure and are not abruptly displaced.").

[30] *See* 155 CONG. REC §5510-5111 (daily ed. May 5, 2009) (statement of Sen. Kerry).

[31] *See id.*

judicial system.[32]  Therefore to infer a private right of action remedy into the Act would be contrary to Congressional intent.

Finally, the causes of action here-violation of the PTFA and Bad Faith and Punitive Damages-are based upon an alleged unlawful eviction which is an area traditionally relegated to state law.[33]  So, it would be improper to infer a cause of action based solely on federal law.

As a general rule, the Supreme Court disfavors granting non-explicit private rights of action.[34]  And where, as here, the plain language of the statute weighs against implying a private remedy, "the fact that there is no suggestion whatsoever in the legislative history that [the PTFA] may give rise to suits for damages reinforces [the court's] decision not to find such a right of action implicit within the [statute]."[35]  Because the PTFA does not provide a private right of action, dismissal of Plaintiff's Complaint is warranted.[36]

---

[32] *See id.*

[33] *See Nativi*, 2010 WL 2179885 *4.

[34] *See Touche Ross & Co.*, 442 U.S. at 571 ("implying a private right of action on the basis of congressional silence is a hazardous enterprise, at best").

[35] *Id.*

[36] *See Thompson*, 484 U.S. at 179 ("The intent of Congress remains the ultimate issue, however, and 'unless this congressional intent can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist.'") (citation omitted); *see also Cohn v. Bank of America*, 2011 WL 98840 (E.D.Cal. Jan 12, 2011); *Martin v. LaSalle Bank Nat. Ass'n* 2011 WL 9583 (S.D.Cal. 2011); *Nativi v. Deutsche Bank Nat. Trust Co.*, 2010 WL 2179885 (N.D.Cal. 2010)..

## ORDER

For the reasons set forth above, Defendant's Motion to Dismiss is HEREBY GRANTED. All of Plaintiff's Causes of Action are DISMISSED with PREJUDICE and the Clerk of the Court is directed to close the case.

DATED this 23 November 2011.

Brooke C. Wells
United States Magistrate Judge